UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHY HULBERT AND
PAULA BARRINO

CIVIL ACTION NO. 3:12-cv-443

VERSUS

JUDGE SHELLY D. DICK

MAGISTRATE RIEDLINGER

JOHN GRAMMER, CELADON
TRUCKING SERVICES, INC. AND
REGIS INSURANCE COMPANY

## RULING AND ORDER

**BEFORE THE COURT** is a *Motion for Summary Judgment*[1] filed by Defendants, Celadon Trucking Services, Inc. ("Celadon") and John Grammer ("Grammer"). The Motion is opposed[2] by the Plaintiffs, Kathy Hulbert and Paula Barrino. For the reasons that follow, the Defendants' *Motion for Summary Judgment* is denied.

### I. FACTS

The undisputed facts establish that, on March 20, 2011, the right rear interior tire of the trailer on a tractor trailer owned by Celadon and driven by Grammer experienced a flat tire while traveling on Interstate 12 westbound in St. Tammany Parish, Louisiana. The tire separated from its core first striking an unidentified vehicle and then striking the windshield of a Honda Civic in which the Plaintiffs, Hulbert and Barrino, were traveling as passengers.

The Defendants offered summary judgment evidence that the subject tire had been inspected four times in the thirty-two day period immediately preceding the incident. An inspection by Wingfoot Commercial tire systems, who was called to the

---

[1] Rec. Doc. 23.
[2] Rec. Doc. 26.

scene to inspect and replace the subject tire, indicated that the depth of the tread on the subject tire was 8/32", which complied with DOT regulations and Celadon company policy.

However, the accident report of the investigating officer, Trooper Dustin Dwight, documented that "all eight tires [on the Celadon trailer] were found to be in poor condition. There was visible dry root [sic] and cracking on the side walls of all tires".[3] The investigating officer indicated "tire failure" on vehicle number 1 as a contributing factor and condition of the incident.[4]

Celadon's driver, Defendant Grammer, disagrees with the Trooper's observations that the trailer tires were dry rotted and in poor condition at the time of the accident. However, the driver conceded that the tires, including the subject trailer tire, were retreads.

## II. LAW AND ANALYSIS

Defendant Celadon and its driver, Grammer, contend that the evidence of past tire inspections proves that the Defendants conformed their conduct to appropriate standards of care. Essentially, Defendants contend that the Plaintiffs cannot demonstrate breach of duty by Celadon and/or its driver. Defendants rely on *McGuinness v. United Service Automobile Association*[5]. The Court finds the McGuinness case to be inapposite. While the McGuinness case involved a tire blowout incident, the automobile in the McGuinness case was equipped with "four new Firestone tires".[6] In this case, the subject tire was a retread. The nature, extent and efficacy of

---

[3] Rec. Doc. 26-2.
[4] *Id.*
[5] 275 So.2d 485, (La. App. 1st Cir. 1973).
[6] *Id.* at 487.

the Defendants' prior tire inspections remains a material issue of fact. Whether the Defendants conformed their conduct to the appropriate standard of care, *vis a vis* retread tires, is an unresolved fact.

In reaching this conclusion, the Court has not considered the Affidavit of Gary Derian offered by the Plaintiffs.[7] The Defendants have moved to strike[8] Derian's Affidavit on the grounds that Derian has not been previously identified as an expert for the Plaintiffs[9], and the deadline for identifying trial witnesses expired on July 1, 2013.

The Court previously granted the Defendants' *Motion to Strike* Gary Derian's Affidavit.[10] Accordingly, the Court has not considered Derian's Affidavit in reaching its decision on the present *Motion for Summary Judgment*.

## III. RULING

For the foregoing reasons, the Defendants' *Motion for Summary Judgment* is hereby DENIED.

Baton Rouge, Louisiana the 3 day of February, 2014.

*Shelly Dick*

SHELLY D. DICK, DISTRICT JUDGE
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] Rec. Doc. 26-11.
[8] Rec. Doc. 32.
[9] Rec. Doc. 17.
[10] Rec. Doc. 40.