## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KATHY HULBERT AND**                                    **CIVIL ACTION**
**PAULA BARRINO**

**VERSUS**                                               **12-CV-443-SDD-SCR**

**CELADON TRUCKING SERVICES, INC., ET AL.**

### RULING ON PLAINTIFFS'
### MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE[1]

On March 21, 2011, the tread from one of the tires of a tractor-trailer, owned and operated by Defendant, Celadon Trucking Services, Inc., struck the windshield of a Honda Civic, in which the Plaintiffs were traveling as guest passengers.   The investigating State Trooper described the incident as a "minor crash" with no indication or report of any injuries.  The real issue in the case is whether it was foreseeable to Celadon that the re-tread tires on the trailer would separate thereby causing risk to other motorists.  In what can only be described as over-reaching, the Plaintiffs move for default judgment and sanctions against Celadon for "willful spoliation of evidence". Plaintiffs contend that Celadon's failure to preserve electronic driver logs, Qual-Comm satellite communications, and the detached tread from the tire at issue amount to willful spoliation of evidence.

Plaintiffs concede that the Fifth Circuit is a "bad faith jurisdiction" which means that Plaintiffs must prove that the Defendants acted in bad faith in order for spoliation

---

[1] Rec. Doc. 39.

sanctions to be appropriate.[2]   At the scene, the parties treated this as a property damage incident.  The Plaintiffs left the scene.  The Plaintiffs did not report any injuries to the investigating officer.  The Plaintiffs did not feel it necessary at the time to secure and/or preserve the separated tread which struck the windshield of the car in which they were riding.   The undisputed evidence is that Celadon's driver communicated the accident to Celadon by cell phone, not by Qual-Comm satellite communication.  Hence, the relevance of the Qual-Comm communications, if any, is highly unlikely.

In their Motion, Plaintiffs indicate that they are seeking sanctions for spoliation of "electronic driver logs".  However, Plaintiffs failed to brief the relevancy of any electronic driver logs.  The Court's appreciation of the Federal Motor Carrier Safety Act ("FMCSA") is that the primary purpose of driver logs is to encourage and ensure compliance with hours of service laws.  There are no allegations that the FMCSA hours of service laws are in any way at issue in this case.  Therefore, in this Court's view, the Defendant had utterly no obligation to maintain driver logs in this minor property damage case. Likewise, since Qual-Comm communications are not at issue, the Defendant had no obligation to preserve or maintain any Qual-Comm records.  Finally, the separated tread was equally available to the Plaintiffs at the scene.  Had the Plaintiffs believed at the time that the accident warranted it, the Plaintiffs could have made efforts to preserve the separated tread.

The Plaintiffs have failed to come forward with any evidence of bad faith or malicious intent to destroy evidence by the Defendants.   The Plaintiffs rely on a Pennsylvania District Court, the Fourth Circuit, the Ninth Circuit, and a completely

---

[2] *Condrey v. Sun Trust Bank,* 431 F.3d 191, 203 (5th Cir. 2005) (permitting an "adverse inference against the destroyer of evidence only upon a showing of bad faith or bad conduct").

distinguishable Western District case from this circuit.   Plaintiffs' Motion is completely unsupported by fact or law and is DENIED.

Signed in Baton Rouge, Louisiana, on <u>March 10, 2014</u>.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**